**LAW OFFICE OF DALE K. GALIPO**
DALE K. GALIPO, SBN 144074
MELANIE T. PARTOW, SBN 254843
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333

**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, SBN 127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiffs
SIERRA RIVERA, individually and as successor in interest to
JESSE ATTAWAY, Deceased; BOBBI ATTAWAY, individually
and as successor in interest to JESSE ATTAWAY, Deceased;
JIM ATTAWAY, individually

**PORTER SCOTT**
CARL J. CALNERO, SBN 117590
CARL L. FESSENDEN, SBN 161494
LAUREN E. CALNERO, SBN 284655
350 University Avenue, Suite 200
Sacramento, CA 95825
Tel: (916) 929-1481

Attorneys for Defendants
COUNTY OF SACRAMENTO, ANDREW CATER,
BAO MAI, SCOTT JONES

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIERRA RIVERA, et al., | NO. 2:18-cv-00056 WBS EFB |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER** |
| vs. | |
| ANDREW CATER, et al., | |
| Defendants. | |
| _____/ | |

IT IS HEREBY STIPULATED by, among and between the Parties to the above-captioned action through their counsel of record, that the documents described herein may be designated as "Confidential" and will be produced only subject to the following Stipulated Protective Order:

1
**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**
{01893776.DOCX}

1. Categories of documents which may be designated as Confidential include:
   (a) Autopsy Photos
   (b) Medical, Mental Health and School Records of any Person, including any Psychological Evaluations or Re-Evaluations
   (c) Employment Applications
   (e) Job Performance Evaluations
   (f) Personnel Action Forms
   (g) Pay Information
   (h) Next of Kin Notifications
   (i) Documents relating, referring or concerning any Internal Affairs Complaints and the Investigation of those Complaints (apart from any Investigations of Attaway's shooting)
   (j) Financial Information of Any Individual
   (k) Personnel records of persons employed by Sacramento County Sheriff's Department, including but not limited to documents concerning, relating or referring to: background investigations, hiring, appointment, training, termination, job performance and evaluations, awards, commendations, and recognition of all professional accomplishments, training, internal affairs investigative files, citizen complaints, charges of misconduct, resulting discipline or retraining.

2. The portions designated as Confidential contain information not available to the public and a Court approved protective order is appropriate pursuant to Local Rule 141.1 because there are certain relevant documents that contain private information.

3. The disclosed documents shall be used solely in connection with the civil action of <u>Rivera, et al. v. Cater, et al.</u>, Case No. 2:18-CV-00056-WBS-EFB (USDC EDCA) and in the preparation and trial of the cases, or any related proceeding. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

4. A party producing the documents and materials described herein may designate those materials as Confidential by affixing a mark labelling them "Confidential" provided that such marking does not obscure or obliterate the content of any record. If any Confidential materials

cannot be labelled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

5. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

6. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

(a) All counsel of record and attorneys in the offices of counsel for any of the Defendants in this action;

(b) All counsel of record, and attorneys in the offices of counsel for Plaintiff in this action;

(c) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

(d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(e) Any expert, consultant, or investigator retained in connection with this action;

(f) The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

(g) Witnesses during their depositions in this action; and,

(h) The parties to this action.

7. Prior to the disclosure of any Confidential information to any person identified in paragraph 6 and it sub-parts, each such recipient of Confidential information shall be provided with

a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Protective Order, such person shall acknowledge in writing as follows:

> I have read the Protective Order that applies in <u>Rivera, et al. v. Cater, et al.,</u> Case No. 2:18-CV-00056-WBS-EFB (USDC EDCA) and shall abide by its terms. I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.

Such person also must consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, including without limitation any proceeding for contempt. Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. The attorneys designated in subparts (a) and (b) of Paragraph 6 above shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given.

8. The following procedures shall be utilized by the parties making copies of documents designated as "Confidential":

(a) The producing party shall provide one copy of the Confidential documents to the receiving party.

(b) The receiving party shall not furnish, disclose, or otherwise divulge any Confidential documents to any source, except those persons identified in Paragraph 6 herein, without further order of the Court or authorization from counsel for the producing party.

(c) If any document designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The court reporter will be directed to bind those portions of the transcript that contain discussion of the contents of the Confidential documents separately. The cover of any portion of a deposition transcript that contains testimony or documentary evidence that has been designated Confidential, including exhibits designated as "Confidential," will be marked: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

4
**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**
{01893776.DOCX}

9. Should any documents designated "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive the documents under this Protective Order, the disclosing person(s) shall promptly: (a) inform the producing party of the recipient(s) and the circumstances of the unauthorized disclosure, and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No document shall lose its Confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order. In the event that either of the Parties make any such inadvertent disclosure, the documents which are Confidential will be identified accordingly, marked in accordance with Paragraph 2 above, and a copy of the Confidential-marked documents provided to the other parties to this action. Upon receipt of the Confidential-marked documents, the receiving parties will return the unmarked version of the documents to counsel for the party within fourteen (14) days.

10. The Confidential Material produced pursuant to this Order will be redacted with respect to any purely Confidential identifying personal and family information. The names as well as any contact information for any witness or interviewee shall not be redacted.

11. If Plaintiff or Defendants intend to use Confidential Material in a Court filing, at least seven (7) days' notice shall be given to all parties identifying the Confidential Material that the party intends to utilize. In the event that a party believes that the Confidential Material intended to be used should be filed under seal, then it shall be the burden of the party desiring that the material be filed under seal to make that request to the Court. Plaintiff and Defendants shall comply with the requirements of Eastern District Local Rule 141. The Parties agree a request to file under seal or remove the designation of Confidential Information may be heard on shortened time and/or by telephone conference under the applicable sealing standard.

12. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding it shall not lose its Confidential status through such use. If any Confidential Material is used in a deposition then arrangements shall be made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately.

13. This Stipulated Protective Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

14. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

15. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and without prejudice to their rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

16. After the conclusion of this litigation, all Confidential documents, in whatever form stored or reproduced, will remain confidential. All documents produced pursuant to this Protective Order shall be destroyed or returned to counsel for the producing party in a manner in which counsel will be able to reasonably verify that all documents were returned. All parties agree to ensure that Confidential documents disclosed to other persons shall be destroyed or returned to counsel for the producing party. "Conclusion" of this litigation means a termination of the action following a trial (any subsequent appeal) or settlement, and entry of an order, judgment, or decree terminating this action.

17. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

18. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: October 9, 2018
/s/ Stewart Katz
STEWART KATZ
DALE K. GALIPO
MELANIE T. PARTOW
Attorneys for Plaintiffs

Dated: October 9, 2018
/s/ Lauren E. Calnero
CARL J. CALNERO
CARL L. FESSENDEN
LAUREN E. CALNERO
Attorneys for Defendants

**IT IS SO ORDERED**.

Dated: October 11, 2018.
_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE